UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KYNISHA PUGH, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-1907 |
| UNITED STATES POSTAL SERVICE, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is the United States' motion to dismiss claims against Defendants Joe Wyatt and the United States Postal Service for lack of subject matter jurisdiction.[1] For the following reasons, the Court grants the motion.

### I. BACKGROUND

This case arises out of a motor vehicle collision in New Orleans, Louisiana, on April 9, 2014.[2] According to the complaint, Defendant Joe Wyatt was driving a U.S. Postal Service delivery truck when he hit Plaintiff Kynisha Pugh's car.[3] Plaintiffs Mia Salomon, John Pugh, and Patricia Pugh

---

[1] R. Doc. 12.
[2] R. Doc. 1 at 2.
[3] *Id.*

were passengers in Ms. Pugh's car.[4] Plaintiffs allege that they each suffered severe bodily injury because of the collision.[5]

On March 3, 2017, plaintiffs filed a complaint for damages against Joe Wyatt and the U.S. Postal Service.[6] Plaintiffs later amended their complaint to add as a defendant State Farm Mutual Automobile Insurance Company.[7] The United States now moves to dismiss the claims against Joe Wyatt and the U.S. Postal Service for lack of subject matter jurisdiction.[8] Plaintiffs have not responded to this motion.

## II. DISCUSSION

Plaintiffs' complaint asserts that they suffered personal injuries because of the alleged negligence of a federal employee and a federal agency.[9] Under the Federal Torts Claims Act (FTCA), such a claim must be brought against the United States, "and not the responsible agency or employee." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also* 28 U.S.C. § 2679. "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed

---

[4] *Id.*
[5] *Id.*
[6] *Id.* at 1.
[7] R. Doc. 3.
[8] R. Doc. 12.
[9] R. Doc. 1 at 3.

for want of jurisdiction." *Id.* Accordingly, plaintiffs cannot maintain their claims against Wyatt or the U.S. Postal Service.

The statute further provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The Attorney General has delegated certification authority to the United States Attorney for the district where the civil action is brought. *See* 28 C.F.R. § 15.4. The Acting United States Attorney for the Eastern District of Louisiana has certified that Wyatt was acting within the scope of his employment with the U.S. Postal Service at the time of the conduct alleged in plaintiffs' complaint.[10]

The Court therefore dismisses Wyatt and the U.S. Postal Service as defendants in this matter, and substitutes the United States as the proper party defendant.

---

10  R. Doc. 12-2.

## III. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is GRANTED. Plaintiff's claims against Joe Wyatt and the United States Postal Service are DISMISSED. The United States of America is hereby SUBSTITUTED for Wyatt and the United States Postal Service as defendant.

New Orleans, Louisiana, this __12th__ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE